## BUTLER v. THOMASSON.
### No. 2990.

Court of Civil Appeals of Texas. Eastland.
March 20, 1953.

W. A. Hawkins, Ft. Worth, for appellant.

Wayland G. Holt, Snyder, Frank E. Smith and Smith, Eplen, Bickley & Pope, Abilene, for appellee.

COLLINGS, Justice.

W. K. Butler filed this suit against W. C. Thomasson. He alleged that the parties had entered into a partnership agreement for the purpose of building and operating The Wheel Cafe to be situated near Snyder, Texas; that the estimated cost of the venture was $10,000 or $12,000 and it was agreed that each was to contribute an equal amount; that Thomasson, who, under the agreement, was to have charge of the building and operation of the cafe, failed and refused to pay his part of the partnership investment and that Butler was required to and did contribute the amount of $10,024.68; that in addition, Thomasson incurred a partnership indebtedness of approximately $5,000 much of which was past due and that the owners of said claims were pressing for payment; that Thomasson was keeping no records and did not know the status of the business or whether any profits were made and refused to give an accounting though numerous requests had been made therefor. Butler prayed for an accounting and partition of the partnership assets, for the appointment of a receiver and for judgment against Thomasson for the sum of $6,000 or such amount as might be adjudged by the court

to represent his proportionate part of the partnership expenses and losses.

Upon Butler's petition and application and without notice to Thomasson, a receiver was appointed who took over the cafe and operated it for about a week and then closed it. Thereafter, by agreement of both parties, another receiver was appointed who, under the order of the court, sold the cafe property for the sum of $12,800. Of such amount $5,171.54 was by order of the court paid on partnership indebtedness and the balance of $7,628.40 remains on deposit subject to the disposition of this cause.

In Thomasson's answer and cross-action it was alleged that the partners did, in December, 1949, enter into an oral contract to erect and operate a cafe to be known as The Wheel Cafe in Snyder, Texas; that under the terms of the oral agreement, he, Thomasson, was to furnish such money as he could get together by the sale of his home in Abilene and some of his furniture, which it was estimated would bring between $4,000 and $5,000; that Butler would furnish the balance so that the venture, when complete, could be opened debt free; that Thomasson, from his share of the profits was to repay Butler all that he had paid thereon over one-half of the cost; that Thomasson and his wife were to operate the cafe, devoting their full time and that Butler was to contribute none of his time; that Thomasson and his family were to live in quarters to be provided for them in the rear of the cafe and were to be furnished their meals from the cafe and utilities free of cost; that the profits from the operation of the business were to be divided sixty percent to Thomasson and forty percent to Bulter. Thomasson further alleged that the land was purchased in December, 1949, and construction was started on January 12, 1950, and that the cafe was completed on March 25, 1950; that he and his wife both contributed their labor in the building and construction of the cafe and operated it from the time of its completion until May 31, 1950, at which time Butler, without hearing or notice to Thomasson, caused D. O. Woods to be appointed receiver; that Woods took charge of the cafe

and operated it from May 31, until midnight of June 7, 1950, when over Thomasson's protest and in disregard of the request of the District Judge who granted the receivership, he closed and padlocked the cafe. Thomasson further alleged that the total cost of the cafe and the land upon which it was built, exclusive of the time and labor contributed to the construction and improvements by him and his wife was $21,515.50; that in October, 1950, the business was sold under order of the court for $12,800 and that the actual money loss of $8,715.50 was a direct result of the negligence and willful acts of Butler in wrongfully causing the cafe to be taken into the hands of the receiver Woods and by him operated, closed and padlocked. Thomasson alleged that $4,231.82 of his money was used in the construction of the cafe and that he and his wife contributed labor of the value of $1,300. He prayed for judgment against Butler for actual damages including the money and the value of the labor contributed to the construction of the cafe and for exemplary damages.

Upon a trial before the court without a jury it was found that the appointment of the receiver Woods was illegal and that all costs in connection with such receivership should be charged against Butler; that Butler caused the appointment of such receiver and caused and directed the actions of the receiver in taking charge of the business, the manner in which it was operated and the arbitrary closing of the business; that such action by Butler was the cause of the damages suffered by Thomasson, to-wit: $4,240.82 in money contributed to the enterprise and $700, the value of the labor contributed by Thomasson and his wife, or a total of $4,940.82, and granted Thomasson judgment therefor and for costs, to be paid out of the partnership funds on deposit with the court. Butler has brought this appeal.

■ In appellant's first and second points it is contended that the court erred in assessing all the losses of the business against him as damages because the agreement was silent as to the duration of the partnership and it could, therefore, be terminated at any time by either party

without liability for damages which might result therefrom. In appellant's third and fourth points it is urged that the court erred in entering the judgment and in penalizing him by allowing appellee a greater recovery from the proceeds of the sale of the partnership assets than appellant since the partnership was sold by consent and each had an equal investment liability. These points are overruled.

It is unquestioned that in the absence of a contractual provision to the contrary, a partner has the right to terminate a partnership at any time without penalty and that as a general rule each partner, upon dissolution of a partnership, is entitled to share in the assets and liabilities in proportion to his investment. These well-settled legal propositions, however, are not here involved. The judgment against appellant is based upon the results of his action in wrongfully procuring the appointment of the receiver.

In appellant's seventh point it is urged that the court erred in allowing appellee a greater recovery by way of damages upon dissolution of the partnership on the theory that appellant caused the business to be closed without the consent of appellee Thomasson. Appellant sought and procured the appointment of the receiver without notice and in violation of Rule 695, Texas Rules of Civil Procedure. The court thereafter found the appointment to be improper and set it aside. The order appointing the receiver authorized him to "take over, manage, operate, report all such expenses, seek a purchaser for the business." The receiver, after operating the business for about a week, closed it. It is admitted that the business was closed by the receiver at the instance of appellant and that at the time of the closing appellee was not present and did not authorize it. Appellant's contention as we understand it is, that the evidence shows there was no money available to keep the cafe open and that appellant was, therefore, not responsible or liable for the closing. Although there was evidence to the effect that the cafe could not have been kept in operation because of the lack of funds, it is our opinion that this evidence is not conclusive.

There was evidence to the effect that the cafe was being operated at a profit by appellee before the wrongful receivership. As stated in 45 Am.Jur., Sec. 97, page 86:

"A judgment on the merits dismissing the action and discharging the receiver is conclusive as to the liability of the plaintiff and the surety on the bond."

In 75 C.J.S., Receivers, § 431, pages 1103, 1104, it is said that:

"Ordinarily one who causes or procures the wrongful appointment of a receiver is liable for all the damages caused thereby, * * * and the limit of recovery is the damages sustained as the actual, natural, and proximate result of the unwarranted appointment of the receiver.

\*  \*  \*  \*  \*  \*

"In accordance with the rule that the owner of property for which a receiver is wrongfully secured is entitled to all damages sustained by reason of the appointment, all losses, sustained, which would not otherwise have resulted, should be charged to the person securing the appointment. * * *

"If property taken possession of is sold, the measure of damages is the value of the interest in such property of the person wrongfully dispossessed, and the measure of damages is the same as in other cases of conversion."

The receiver in this case was wrongfully procured and it was so found by the court. The evidence justifies the finding of the court that the damages suffered by appellee were caused by the wrongful appointment of the receiver, the manner in which he operated the business and the closing of the cafe. Appellee Thomasson was entitled to the damages caused thereby.

Appellant contends in his fifth point that the court erred in not allowing him to recover for money taken from the partnership assets by appellee for his own personal use. The evidence shows that appellee made six car payments after the partnership agreement was entered into for a total of $481.32. There is no finding or

indication in the judgment that any of these payments were from partnership funds and it will be presumed in favor of the judgment that they were not paid from such funds unless the evidence to the contrary is conclusive. It was admitted by appellee that two of the payments, one for $80 and another for $65 were paid from funds belonging to the cafe. In our opinion the payments of $80 and $65 which the undisputed evidence shows came out of the partnership funds were not partnership expenses and should have been charged against appellee and the court erred in not entering judgment accordingly. The evidence is not conclusive that any of the car payments except as above indicated, were made from partnership funds. The effect of Thomasson's testimony is that he did not take the remaining portion of the six payments out of the business.

It was found by the court that Thomasson and his wife contributed $700 in labor to the construction of the cafe building and he was allowed credit for that amount in computing his recovery from appellant. Such action of the court is urged as error in appellant's sixth point. It is contended by appellant that under the partnership agreement both Thomasson and his wife were to work in the cafe and that there was no agreement that they would be paid a salary for any labor contributed to the construction of the building or in operating the business, but only that appellee should receive sixty percent of the profits from the operation of the cafe; that there was no agreement that either Thomasson or his wife were to receive additional compensation for any service rendered. In the absence of an agreement to the contrary, a partner is not entitled to compensation other than his share in the profits for services to the partnership. 32 Tex.Jur. 302; 68 C.J.S., Partnership, § 94, pp. 531, 532; Heilbron v. Stubblefield, Tex.Civ. App., 203 S.W.2d 986 (Ref. N.R.E.); Fithel v. Saltes, Tex.Civ.App., 11 S.W.2d 815 (Writ Ref.); Wilson v. Hunt, Tex.Civ. App., 270 S.W. 263. There was testimony to the effect that the living expenses of Thomasson and his wife were to be paid from partnership assets from the time they came to Snyder and began the construction of the cafe but there was no evidence of an agreement that Thomasson should be paid for his or his wife's labor in construction of the cafe building or in getting the business ready for operation. The bills which Thomasson sent to Butler as the work progressed did not indicate a charge for such services. The point is sustained.

There is no complaint of the measure of damages used by the court in assessing the amount recovered by appellee other than the specific items heretofore discussed, and except for such items we find no error in any of the points presented.

For the reasons stated, the judgment is reformed by eliminating the items of $700 for labor performed by Thomasson and his wife and the two car payments totaling $145. As so reformed, the judgment for appellee is affirmed for the sum of $4,095.82.